UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA MITCHELL-WILLIAMS,

    Plaintiff,

v.

CAPIO PARTNERS, LLC,

    Defendant.
_____/

Case No. 17-CV-12101

HON. GEORGE CARAM STEEH

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. 10)

This case arises primarily under the Fair Debt Collection Practices Act ("FDCPA"). Defendant, Capio Partners, LLC, attempted to collect a debt from Plaintiff, Shelia Mitchell-Williams. Mitchell-Williams alleges that Defendant violated the FDCPA, the Michigan Collection Practices Act, and the Michigan Occupational Code by failing to communicate to a consumer reporting agency that she disputed the debt. Defendant moves for summary judgment, contending that it did communicate Plaintiff's dispute to the consumer reporting agency. The court is familiar with the case and has determined that it will not be further aided by oral argument. For the reasons stated below, Defendant's motion is GRANTED.

## BACKGROUND FACTS

Mitchell-Williams failed to pay an alleged debt in the amount of $66.41 owed to Beaumont Health. The debt was placed with Capio for collection on October 21, 2016. Capio reported the debt to credit reporting agencies TransUnion, LLC, and Experian Information Solution Systems, Inc.

According to Capio's records, it received a letter from Mitchell-Williams dated February 20, 2017, disputing the Beaumont Health debt. *See* Def.'s Ex. 4 at ¶ 10 (Declaration of Bob Hodges); Def.'s Ex. 5. Capio's records reflect that it sent electronic updates on April 4 and 5, 2017, to Experian and TransUnion indicating that the debt was disputed. Def.'s Ex. 4 at ¶¶ 11-12, Ex. 6, Ex. 7. Bob Hodges, Capio's president, stated in his declaration that Capio did not receive the usual confirmation from TransUnion that it received the electronic update. Def.'s Ex. 4 at ¶ 14. Capio followed up with TransUnion on April 5, 2017. According to Hodges, TransUnion told Capio that the electronic update had failed to upload and that TransUnion had performed the update manually. *Id.* at ¶15.

On May 10, 2017, Capio sent another electronic file to TransUnion requesting that the credit reporting agency delete Capio's trade line for Plaintiff's Beaumont Health account. Def.'s Ex. 4 at ¶ 17, Ex. 8. According

to Hodges, Capio received an email confirmation that TransUnion received the trade line deletion request. Def.'s Ex. 4 at ¶18, Ex. 9.

On May 17, 2017, Mitchell-Williams obtained a copy of her credit report from TransUnion. *See* Pl.'s Ex. 2. The Beaumont Health debt was listed under Capio Partners as "in collection," with no mention of the dispute. Plaintiff filed this action on June 27, 2017, alleging that Capio's failure to communicate the dispute to TransUnion violated the FDCPA, the Michigan Collection Practices Act, and the Michigan Occupational Code.

## STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986). The court does not "weigh the evidence and determine the truth of the matter" but determines "whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). A genuine issue for trial exists only when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. "[T]he mere existence of *some* alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in original).

LAW AND ANALYSIS

Congress enacted the FDCPA in order to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for actual damages suffered plus an additional amount not to exceed $1,000. 15 U.S.C. § 1692k(a).

Among other requirements, the FDCPA prohibits debt collectors from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). The FDCPA also prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

Plaintiff alleges that Capio violated §§ 1692e(8) and (10) by failing to communicate to TransUnion that the Beaumont Health debt was disputed. In support of her claim, Plaintiff relies on the credit report she requested

from TransUnion on May 17, 2017, which does not indicate that the debt was disputed. Pl.'s Ex. 2. Capio's records show, however, that it communicated the dispute to TransUnion on April 5, 2017, and that it requested that TransUnion delete the trade line on May 10, 2017. *See* Def.'s Ex. 4 at ¶¶ 10-18. Capio received an email from TransUnion confirming the deletion request. *Id.*

Although Plaintiff suggests that "it is certainly possible" that Capio's records are inaccurate, Plaintiff has not presented specific evidence in support of this contention. At the time Capio's motion was filed, Plaintiff sought additional discovery in order to respond. Discovery is now complete, having closed on January 22, 2018, and Plaintiff has not sought to supplement the record. Under the circumstances, Plaintiff has not shown that a genuine issue of material fact exists with respect to the accuracy of Capio's business records.

According to those uncontroverted records, Capio did communicate that Plaintiff's Beaumont Health debt was disputed to TransUnion. TransUnion's apparent failure to respond does not render Capio liable under the FDCPA. *See Huebner v. Midland Credit Management, Inc.,* 2016 WL 3172789 at *3-4 (E.D. N.Y. June 6, 2016), *aff'd* __ F.3d __, 2018 WL 3467916 (2d Cir. July 19, 2018) ("even if the CRAs [credit reporting

agencies] had continued to report the debt, it would not prove that defendant failed to communicate the dispute. Defendant is not a guarantor of the CRAs' compliance with its request, and it obviously has no control over the CRAs."). See also Wade v. Equifax, Inc., 2003 WL 22089694 at *3 (N.D. Ill. Sept. 8, 2003) (holding that the Fair Credit Reporting Act "does not make a furnisher liable for a consumer reporting agency's failure to properly act on information received from the furnisher.").

Plaintiff alternatively argues that Capio violated the FDCPA by waiting almost a month after receiving her dispute letter to notify TransUnion of the dispute. Without supporting authority, Plaintiff characterizes this delay as "patently unreasonable." To the contrary, cases that have considered the issue have found delays of up to two months to be reasonable. See Luxenburg v. Equifax Credit Info. Servs., 2005 WL 78947 (N.D. Ill. Jan. 12, 2005) (delay of about two months reasonable; noting that the plaintiff "has not directed the court's attention to any authority requiring a furnisher to tell a credit reporting agency that a debt is disputed within a certain amount of time"); Herbert v. Monterrey Financial Servs., Inc., 2001 WL 1266299 (D. Conn. Sept. 28, 2001) (approximately one month delay in reporting that debt was discharged is reasonable). Plaintiff has not demonstrated that the month-long delay between the time Capio received her dispute letter and

the time it informed the credit reporting agencies of the dispute constitutes a violation of the FDCPA.

Plaintiff also alleges that Capio violated the Michigan Occupational Code ("MOC") or, alternatively, the Michigan Collection Practices Act ("MCPA"). The MOC prohibits "licensees," including collection agencies, from "failing to implement a procedure designed to prevent a violation by an employee." M.C.L. §§ 339.904(1), 339.915(q). The MCPA contains an identical provision, which applies to "regulated persons," the definition of which excludes "collection agencies." M.C.L. §§ 445.251(g), 445.252(q). The parties agree that because Capio is a "collection agency," the MCPA has no application here. *See* Pl.'s Resp. at 12; Def.'s Reply at 5. *See also Misleh v. Timothy E. Baxter & Assocs.*, 786 F. Supp.2d 1330, 1337 (E.D. Mich. 2011) ("[A] person or entity engaged in debt collection activities is either a "collection agency" under the Occupational Code or a "regulated person" under the MCPA, but not both.").

With respect to the merits of her MOC claim, Plaintiff has not presented evidence that Capio failed to "implement a procedure designed to prevent a violation by an employee." In his unrebutted declaration, Hodges stated that Capio follows established policies and procedures in its collection activities, including documenting those activities and its

communications regarding those activities.  Plaintiff has not identified any flaw in Capio's procedures, nor has she established any "violation" that could have been prevented by the implementation of a different procedure. Plaintiff has failed to support her MOC claim.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

Dated:  July 26, 2018

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 26, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk